UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

DIANA G.,

Plaintiff,

DECISION AND ORDER
1:25-CV-05202-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In November and December of 2019, Plaintiff Diana G.[1] applied for Supplemental Security Income Benefits and Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Legal Services of the Hudson Valley, Mary Grace Ferone, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 16).

This case was referred to the undersigned on October 9, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 20). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on November 18, 2019, and December 16, 2019, respectively, alleging disability beginning April 18, 2014. (T at 17, 494-500).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 22, 2022, before ALJ Vincent Cascio. (T at 60-87). On December 9, 2022, ALJ Cascio issued a decision denying the applications for benefits. (T at 211-33).

Plaintiff sought review from the Appeals Council, which granted review and remanded for further proceedings on April 20, 2023. (T at 234-39). ALJ Cascio conducted administrative hearings on March 5, 2024 (T at 88-107) and August 15, 2024. (T at 108-29).

[2] Citations to "T" refer to the administrative record transcript at Docket No. 17.

*B. ALJ's Decision*

On September 4, 2024, the ALJ issued a second decision denying the applications for benefits. (T at 14-44). The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014 (the date last insured) and had not engaged in substantial gainful activity since April 18, 2014 (the alleged onset date). (T at 20).

With respect to Plaintiff's claim for disability insurance benefits, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that were severe, as defined under the Social Security Act. (Tat 20).

Regarding Plaintiff's claim for supplemental security income benefits, the ALJ found that Plaintiff's lumbar and cervical spine degenerative disc disease; gastritis; hiatal hernia; seizure disorder; functional neurological disorder; bipolar disorder; posttraumatic stress disorder; anxiety; antisocial personality disorder; substance use disorder; lumbar myofascial pain syndrome; migraine headaches; cancer of the left breast; and neuropathy were severe impairments. (T at 21).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can perform no more than occasional climbing of ramps and stairs; no climbing ladders, ropes, and scaffolds; occasional stooping, crouching, kneeling, and crawling; no work around unprotected heights and hazardous machinery; and no more than moderate sound level. (T at 25).

The ALJ further found that Plaintiff could understand, remember and carry out simple, routine, repetitive work-related tasks, with only occasional contact with the public, co-workers, and supervisors; needed to work in a low stress job, requiring only occasional decision-making and only occasional changes in the workplace; and cannot perform tasks that involve a specific production rate pace. (T at 25).

The ALJ determined that Plaintiff had no past relevant work. (T at 34).

Considering Plaintiff's age (36 on the alleged onset date), education (at least high school), work experience (no past relevant work), and RFC,

the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 35).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 18, 2014 (the alleged onset date) and September 4, 2024 (the date of his decision). (T at 36).

On April 30, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on June 23, 2025. (Docket No. 1). On June 9, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 20). On August 13, 2026, the Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings. (Docket No. 22).

## II. APPLICABLE LAW

*A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe

impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one argument in support of her challenge to the ALJ's decision. She contends the ALJ erred in discounting her subjective complaints.

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors*

*v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184. This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are

legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She is single and lives with a roommate in an apartment. (T at 65-66). She uses public transportation. (T at 66-67). Mental health symptoms caused her to stop working. (T at 70). She has memory problems and difficulty concentrating. (T at 71, 76, 100). She experiences back pain, migraines, and numbness in her hands. (T at 72, 96-99). Fatigue is an issue, but she generally attends to personal care, shopping, and light household chores with assistance. (T at 73-74, 102-103). Prolonged walking, sitting, and standing cause pain. (T at 74-75, 97-98). She falls frequently and uses a cane. (T at 76, 97). She experiences seizures due to her functional neurological disorder. (T at 94). Stress tends to bring on a seizure. (T at 96).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 33).

For the reasons that follow, the Court finds that the ALJ's decision must be sustained under the deferential standard of review applicable here.

Regarding Plaintiff's mental functioning, the ALJ's assessment is supported by medical opinion evidence.

Dr. Michael Wais, a psychologist, reviewed the record and testified as a medical expert at the third administrative hearing. He assessed mild to moderate limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 115-116). Dr. Wais opined that Plaintiff could perform simple, routine tasks, but should not be required to have more than occasional interaction with others or perform fast-paced production work. (T at 116-17).

Dr. V. Ng, a non-examining State Agency review physician, assessed mild to moderate impairment in Plaintiff's mental functioning and opined that she could understand, remember, and carry out simple instructions; maintain reasonable pace; and interact and adapt to unskilled work in a routine setting with limited public contact. (T at 138-39, 146-47). Dr. C. Anderson, another State Agency review physician, reached the same conclusion. (T at 178, 184-88).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may

constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec*., 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

To the extent the record provides some support for Plaintiff's subjective complaints of disabling psychological symptoms, the ALJ reasonably read the record, including the medical opinions set forth above, as indicating mild to moderate impairment in Plaintiff's mental functioning.

The ALJ adequately accounted for that impairment by limiting Plaintiff to low stress work involving only occasional contact with others. (T at 25). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in

concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

With respect to physical functioning, the ALJ's conclusion that Plaintiff could perform a reduced range of light work is supported by medical opinion evidence.

Dr. Michael Healy performed a consultative orthopedic examination in March of 2020. He diagnosed lower back pain, pancreatic insufficiency, migraine syndrome, seizure disorder, and asthma. (T at 781). Dr. Healy opined that Plaintiff had mild to moderate limitation with respect to sitting, bending, lifting, walking, and climbing stairs. (T at 782).

Two State Agency review physicians, Dr. S. Siddiqui and Dr. G. Feldman, concluded that Plaintiff could meet the physical demands of a range of light work. (T at 141-43, 148, 180-83, 190).

To the extent the record contains some support for Plaintiff's complaints of disabling pain and other physical symptoms, the ALJ adequately accounted for that evidence by limiting Plaintiff to a reduced range of light work. (T at 24-25). *See Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)("Moreover, a number of courts have found that 'moderate' limitations

for standing, walking, sitting, and lifting are consistent with the ability to do light work.")(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work.").

The ALJ's assessment of Plaintiff's subjective complaints and conclusions regarding her mental and physical functioning are also supported by appropriate consideration of her activities of daily living, which included completing college courses, shopping, performing light chores with assistance, using public transportation, and generally relating well with others. (T at 33-34, 66-67, 73-74, 780, 785, 788, 1199, 1206).

Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations expressly permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than

alleged." *Smoker v. Saul*, No. 19-CV-1539-AT-JLC, 2020 WL 2212404, at *17 (S.D.N.Y. May 7, 2020)(citation omitted); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010) (affirming ALJ's determination in light of "substantial evidence … showing that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence"); *Ashby v. Astrue,* No. 11 CIV. 02010 RMB DF, 2012 WL 2477595, at *15 (S.D.N.Y. Mar. 27, 2012), *report and recommendation adopted,* No. 11 CIV. 2010 RMB DCF, 2012 WL 2367034 (S.D.N.Y. June 20, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

While Plaintiff suffers from physical pain and limitation, along with some psychological symptoms the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found her limited to a reduced range of light work in a low stress environment. (T at 24-25).

"[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes, imaging studies, and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living. This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 20) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings; and this case is DISMISSED. The Clerk is

directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: October 28, 2026

s/ Gary R. Jones

GARY R. JONES
United States Magistrate Judge